Norma Knopf and Michael Knopf v. Meister, Seelig & Fein LLP

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
  Circuit Judges,
KATHERINE B. FORREST,[1]
  District Judge.

- - - - - - - - - - - - - - - - - - - - X
NORMA KNOPF AND MICHAEL KNOPF,
 Plaintiffs-Appellants,


 -v.-              17-1554


MEISTER, SEELIG & FEIN LLP,
 Defendant-Appellee,

---

[1] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

**PURSUIT HOLDINGS, LLC,**
                         **Defendant.**

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                          ERIC W. BERRY, Berry Law PPLC;
                                        New York, NY.


FOR APPELLEE:                           STEPHEN B. MEISTER (Howard S.
                                        Koh, on the brief), Meister Seelig &
                                        Fein LLP; New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.


Norma Knopf and Michael Knopf appeal from a judgment of the United Stated District Court for the Southern District of New York (Cote, J.) dismissing, on summary judgment, the Knopfs' constructive fraudulent conveyance claim under New York Debtor-Creditor Law ("DCL") §§ 273, 274, and 275. The Knopfs also appeal the district court's order dismissing on a Rule 12(b)(6) motion the Knopfs' claim of actual fraudulent conveyance under DCL § 276 and the denial of two discovery motions. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.


This case stems from a long-running dispute between the Knopfs and Michael Sanford, the owner of Pursuit Holdings, LLC ("Pursuit"). As relevant to this appeal, in 2006 the Knopfs extended loans to Pursuit for $1,690,860 to purchase a residence at 44 East 67th Street, Unit PHC ("PHC"), and $3,250,000 to purchase three condominiums at 10 Bedford Street. In 2009, the Knopfs filed suit against Sanford in New York County Supreme Court seeking repayment of both real estate loans and three personal loans, and the imposition of a constructive trust based on Pursuit's failure to grant them a mortgage on the properties.

On July 29, 2014, Sanford entered into a written engagement agreement with Meister Seelig & Fein LLP ("MSF"), in which that firm agreed to provide legal services to Sanford in the Knopfs' state court action. On January 6, 2015, MSF and Sanford amended the engagement agreement to stipulate that Sanford (on behalf of Pursuit and other entities owned by Sanford) would mortgage PHC in favor of MSF for $575,000, of which $275,000 would pay for prior services and $300,000 would be deposited in escrow. The $300,000 escrow would cover certain specified legal work that MSF agreed to perform, to be billed at MSF's normal hourly rate; the amendment also stipulated that funds would be released from the $300,000 escrow only upon Sanford's written approval. On the same day, Pursuit executed a promissory note for up to $575,000 and a mortgage against PHC in favor of MSF securing the note. The Knopfs argue that the mortgage and promissory note constitute an actual and constructive fraudulent conveyance.

We review a grant of summary judgment de novo, VKK Corp. v. Nat'l Football League, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

We review de novo a grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." Rothstein v. UBS AG, 708 F.3d 82, 90 (2d Cir. 2013) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

We review a district court's ruling on a motion to compel discovery for abuse of discretion. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir.

3

2010).  A district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."  In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citation omitted).

Upon such review, we conclude that the district court properly dismissed the Knopfs' claims for actual and constructive fraudulent conveyance and that the Knopfs' arguments challenging the district court's denial of two discovery motions are meritless.  Accordingly, we affirm for substantially the same reasons stated by the district court in its thorough decisions.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4